---

TILHANIS v. OWENS et al.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—SAFE PLACE TO WORK—NEGLIGENCE.

Evidence in an action for death of an employé in a slate quarry from the falling of a piece of rock *held* insufficient to show any negligence as to furnishing a safe place to work.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

Appeal from Trial Term, Washington County.

Action by John Tilhanis, as administrator of George Tilhanis, deceased, against David O. Owens and others. From a judgment for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff's intestate, George Tilhanis, was killed on the 1st day of December, 1908, while in the employ of the defendants, by a falling rock in a slate quarry. The pit from which the slate was being taken was about 50 feet deep. The east side of the pit was not perpendicular, but sloped at an angle of about 45 degrees. The slate rock was in stratums or layers parallel with the east end of the quarry. The stratums were from 6 to 8 feet thick, and were divided into sections by seams running from the bottom to the top. The sections were removed separately by drilling and blasting. The loosened rock fell to the bottom of the pit, where it was broken into pieces of such a size that they could be hoisted. At the time of the accident one of the sections had been removed, and the drillers were at work upon the adjoining section. The seam or line of cleavage, which had separated the two sections, was not continuous. It turned at a point about 20 feet from the bottom of the quarry, and ran at right angles to its original course, for 5 feet, and thence in a straight line to the surface of the ground. The deceased was breaking up the large pieces of rock that had been blasted from the adjoining section, when suddenly and without warning a large piece of rock fell out of the foot of the projecting strata upon the deceased and killed him.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward M. Angell, for appellants.
Robert W. Fisher, for respondent.

SEWELL, J. The complaint alleges that the notice required by the employer's liability act (Consol. Laws, c. 31) was given to the defendants, but it did not appear that the plaintiff endeavored to comply with the provision of the statute as to service of the notice. The case was submitted to the jury upon the theory that it could be considered an action under the common law, and that there was some evidence tending to show that the defendant was negligent in failing to furnish the deceased with a reasonably safe place in which to work. We are of the opinion that upon the evidence there was no question for the jury. It did not appear that the defendants' foreman was incompetent, or that the quarry was not entirely safe, considering the nature of the work to be performed, when the foreman was placed in charge of it, and it was undisputed that the danger to the plaintiff's intestate was created during the progress of the work. If, however, it be assumed that the danger to which the deceased was exposed was not an incident to his work, and that the defendants were chargeable with the consequences of every change in the surface of the rock during the progress of the work, the judgment must be reversed, because it appears by the evidence that a daily inspection of the rock was made by the usual and accustomed tests, and that no loose or dangerous rock was detected; that an examination was made of the rock that fell, on the day of the accident, and to all appearances it was safe. There was no conflict of evidence as to the inspections, or as to the care and skill used in making them, and no evidence was given tending to show that any other test or examination might have been made, or that, if something else had been done, the accident might have been averted. This being so, the conclusion is inevitable that the death of the plaintiff's intestate was not due to any omission of duty which the defendant owed to him.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur.